UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PERSHING MERO, JR.                          CIVIL ACTION NO. 18-cv-0260

VERSUS                                      JUDGE FOOTE

NATIONAL RAILROAD ADJUSTMENT              MAGISTRATE JUDGE HORNSBY
BOARD, ET AL

## MEMORANDUM ORDER

Pershing Mero, Jr. ("Plaintiff") filed this civil action to complain of actions taken in connection with his termination from his job as an engineer with the KCS Railroad. Defense motions have been filed: a Motion to Dismiss by the Brotherhood of Locomotive Engineers & Trainmen (Doc. 14); Motion to Dismiss for Lack of Jurisdiction by the National Railroad Adjustment Board, Public Law Board 6884 (Doc. 35); and Amended Motion to Dismiss for Lack of Jurisdiction by Public Law Board 6884 (Doc. 43).

After those motions were filed, Plaintiff filed a Motion for Leave to Amend Complaint (Docs. 46 and 48). He asked to (1) add the Administrative Procedure Act as a basis for jurisdiction, (2) clarify that the Public Law Board, not the National Railroad Adjustment Board, is a defendant, and (3) set forth additional facts that he believes will clarify some of the issues brought up in the motions to dismiss. The court granted Plaintiff leave to amend his complaint. Plaintiff was told to "take this opportunity to plead his best case" and warned that he "will not be allowed to file any additional amendments unless he shows good cause." Doc. 55.

Plaintiff has now filed his Amended Complaint (Doc. 56). The pleading restates Plaintiff's claims without incorporating prior pleadings, so the court accepts it as a restated and amended complaint that supplants the original complaint and any prior amendments. Plaintiff's case must stand or fall based on the allegations in the Amended Complaint. Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985) ("the general rule (is) that an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading").

The court's prior order promised that, if such an amendment were filed, the defendants' prior motions would be denied and the defendants would be allowed the opportunity to file new motions to dismiss and fully brief the merits/futility of all claims. Considering the recent Amended Complaint, the **Motion to Dismiss by the Brotherhood of Locomotive Engineers & Trainmen (Doc. 14); Motion to Dismiss for Lack of Jurisdiction by the National Railroad Adjustment Board, Public Law Board 6884 (Doc. 35); and Amended Motion to Dismiss for Lack of Jurisdiction by Public Law Board 6884 (Doc. 43)** are **denied without prejudice**.

Defendants are allowed until **October 19, 2018** to file answers or new motions to dismiss in response to the amended complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of September, 2018.

Mark L. Hornsby
U.S. Magistrate Judge