UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PERSHING MERO, JR.  CASE NO. 5:18-CV-00260

VERSUS  JUDGE ELIZABETH FOOTE

NATIONAL RAILROAD ADJUSTMENT  MAGISTRATE JUDGE HORNSBY
BOARD, ET AL.

## MEMORANDUM ORDER

Pending before the Court are two motions to dismiss, filed by Brotherhood of Locomotive Engineers and Trainmen ("BLET") [Record Document 60] and the Public Law Board 6884 [Record Document 68].[1] Pro se plaintiff Pershing Mero ("Mero") opposes both of these motions. Upon due consideration of the briefing, the Court hereby **GRANTS** the Defendants' motions to dismiss for the reasons set forth below.

I.  BACKGROUND

Mero worked for Kansas City Southern Railway ("KCSR") for sixteen years before he was terminated. Record Document 56. At the time he was discharged from the railroad, he was an engineer. Id. Mero was fired because a train he was operating collided with a stopped, empty train located on the railroad tracks. Id. Mero's union, BLET, pursued a formal investigation on his behalf. Id. At the conclusion of the investigation, Mero was dismissed from KCSR effective immediately. Id. That decision

---

[1] Defendant Kansas City Southern Railway Co. has not filed a motion to dismiss, and therefore Mero's claims against it are not addressed in this ruling.

1

was appealed to the KCSR Labor Relations Department, which denied his appeal. Id. The decision was further pursued to Public Law Board 6884, which is a three-person arbitration board designed to resolve disputes arising between the railway and its employees. Id. Public Law Board 6884 denied Mero's appeal based both on his conduct on the day of the accident as well as his discipline history.[2] Id.

Mero filed the instant suit in federal court against Public Law Board 6884, KCSR, and BLET, seeking review of the denial of his appeal.[3] He asserts federal jurisdiction is based upon the Administrative Procedure Act and the Railway Labor Act, codified at 45 U.S.C. § 153. Mero complains extensively about how ill-prepared his BLET representative was to proceed to arbitration. See Record Document 56, p. 3 ("[t]here was no way the Union was prepared to defend the Plaintiff . . ."; the Union representative "only spoke with Plaintiff about 30 minutes on his defense the night before the Plaintiff was to appear before the Arbitrator."). Mero also faults BLET and KCSR for Public Law Board 6884's receipt of an incorrect discipline record.[4] Mero contends that Public Law Board 6884

---

[2] Mero's discipline history is an issue he vociferously contests and is the subject of much of the briefing by both Mero and BLET. However, because Mero's discipline history or lack thereof ultimately goes to the merits of the case, it is not appropriate for consideration in a motion to dismiss.

[3] In his amended complaint, Mero named Public Law Board 6884, KCSR, and BLET as Defendants in this matter, thereby eliminating the National Railroad Adjustment Board which had been improperly named in the first complaint. Because there are no allegations against the National Railroad Adjustment Board in the amended complaint, that Defendant is hereby **DISMISSED without prejudice**.

[4] Numerous emails were attached to the motion to dismiss pleadings which dispute whether Public Law Board 6884 actually reviewed a correct discipline history prior to rendering its decision. These emails have not been considered in the Court's decision on the instant motions to dismiss.

"exceeded [its] jurisdiction in failing to interpret the [collective bargaining agreement] and Federal Railroad Administration . . . rules." Record Document 56. He also "sees Fraud and Corruption with KCSR and the Board in their dealings with Plaintiff disciple [sic] report." Record Document 56, p. 3. Lastly, he asserts that BLET's failure to adequately prepare for arbitration was the cause of his inability to return to work.

Mero asks this Court to do a myriad of things, including: (1) set aside Public Law Board 6884's findings; (2) award back pay with commensurate seniority and vacation benefits; (3) reinstate him as an engineer for KCSR; (4) remove the crash from his record; (5) award $350,000 in damages (property loss, pain, suffering, and loss of enjoyment of life), payable by BLET; and (6) award $350,000 in damages (for pain and suffering and loss of enjoyment of life) against KCSR.

Both BLET and Public Law Board 6884 have filed motions to dismiss. BLET argues that as Mero's union, it is not a proper party to a suit under the Railway Labor Act to have his appeal reviewed. Record Document 60. It also argues there is no legal basis allowing this Court to enter a monetary damages award against it as requested by Mero. Id. Public Law Board 6884, which is the arbitration panel that denied Mero's appeal, likewise moves for dismissal, arguing that Mero's claim against it is barred by sovereign immunity, that it is not a proper party to this action under the Railway Labor Act, and that the Administrative Procedure Act does not provide jurisdiction over Mero's suit. Record Document 68.

II. LAW AND ANALYSIS

    A. Federal Rule of Civil Procedure 12(b)(1).

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See id. In reviewing a Rule 12(b)(1) motion to dismiss, "the district court is empowered to consider matters of fact which may be in dispute." Id. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). If sovereign immunity is not expressly waived for purposes of the Railway Labor Act, this Court is deprived of subject matter jurisdiction over Mero's claims against Public Law Board 6884. See Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007) (holding that the absence of a waiver of sovereign immunity is a jurisdictional defect).

4

B. Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing the pleader is entitled to relief. A complaint is not required to contain detailed factual allegations, however, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2008) (internal marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. However, the complaint cannot be simply "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Id.

As the Fifth Circuit has explained, in order to survive a 12(b)(6) motion, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Rios v. City of Del Rio, 444 F.3d 417, 420–21 (5th Cir. 2006) (internal marks and citation omitted). Moreover,

> a statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. The court is not required to conjure up unpled allegations or

5

> construe elaborately arcane scripts to save a complaint. Further, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.

Id. at 421 (internal marks and citations omitted).

   C.   Sovereign Immunity.

Public Law Board 6884 has moved to dismiss Mero's claims against under Rule 12(b)(1), asserting lack of subject matter jurisdiction based on sovereign immunity. "In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." Wagstaff, 509 F.3d at 663 (quoting Lewis v. Hunt, 492 F.3d 565, 570 (5th Cir. 2007)). "Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" United States v. Bormes, 568 U.S. 6, 9-10 (2012) (quoting United States v. Nordic Village, Inc., 503 U.S. 30, 33–34 (1992)). A waiver of sovereign immunity will not be implied; rather, it must be unequivocally expressed in statutory text. Wagstaff, 509 F.3d at 664. A waiver is strictly construed in favor of the sovereign. Id. In other words, if there is a countervailing, plausible interpretation of the statute under which suit or recovery would not be permitted against the United States, then the statute must be deemed ambiguous; and an ambiguity, by logical extension, cannot lead to a finding of a waiver. See FAA v. Cooper, 566 U.S. 284, 290-91 (2012). Without a waiver of sovereign immunity, "the federal government is immune from suit." Id.

Here, Mero has not demonstrated any waiver of sovereign immunity by the National Railroad Adjustment Board, or by extension, Public Law Board 6884. In fact, his pleadings are altogether silent on the issue of sovereign immunity. The Court's own

research has been unable to locate any legal authority evidencing a waiver of sovereign immunity. Accordingly, Public Law Board 6884's motion to dismiss is granted on the basis of sovereign immunity. Mero's claims against it are dismissed without prejudice. See Mitchell v. Union Pac. R.R., 2006 WL 756069, * 1 (N.D. Ill. Mar. 22, 2006) ("Plaintiff does not identify, and the Court could not find, any statute that waives the NRAB's immunity. The NRAB's motion to dismiss for lack of subject matter jurisdiction is, therefore, granted.").

D. The Railway Labor Act.

BLET has moved to dismiss Mero's claims under Rule 12(b)(6), asserting that, as Mero's union, it is not a proper party to a lawsuit challenging the arbitration panel's denial of his appeal. The Railway Labor Act provides:

> The court shall have jurisdiction to affirm the order of the division, or to set it aside, in whole or in part, or it may remand the proceedings to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

45 U.S.C. § 153 First (q).

Mero concedes that a district court's review of a National Railroad Adjustment Board decision- and by extension, a Public Law Board decision- is one of the "narrowest known to law." Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 91 (1978); see Record Document 63 p. 2 ("Plaintiff is confident that this case fits the narrowest known to the law."). The Court may set aside an arbitration panel's findings under only three

7

circumstances: the panel violated the Railways Labor Act, the panel issued a decision outside the scope of its jurisdiction, or the panel (or a member thereof) committed fraud. 45 U.S.C. § 153 First (q). The Court has no jurisdiction over any other challenges to the panel's award. Id.

This is a highly deferential standard of review. The Court cannot overturn the panel's decision in a matter simply because it may disagree with the conclusion. The Fifth Circuit Court of Appeal reinforced this point in <u>Diamond v. Terminal Railway Alabama State Docks</u>, 421 F.2d 228 (5th Cir. 1970). There, it explained that

> The federal courts do not sit as super arbitration tribunals in suits brought to enforce awards of the Adjustment Board. They may not substitute their judgments for those of the Board divisions. They need not inquire whether substantial evidence supports the Board's awards. Under the Railways Labor Act, . . . the range of judicial review in enforcement cases is among the narrowest known to the law. Board awards are 'final and binding' upon the parties. In court the findings and orders of the Board are 'conclusive.'

Diamond, 421 F.2d at 233.

In the instant case, Mero submits that BLET has been named as a Defendant "because [it] did not make a good faith effort to represent" him before the arbitration panel; that it did not "make a good faith effort to defend [him] after errors were made in the BELT [sic] and KCSR submission to the Arbitrator;" and that it "wasn't aggressive" enough in its efforts to represent him. Record Document 65. Boiled down, Mero's complaints essentially are that BLET did not maintain sufficient communication with him about his case and that his representative was not prepared for the hearing. See Record Document 65, pp. 3-4 ("if the BLET had familiarized themselves with the Plaintiff's records

and not just pushed papers . . . [, it] could have represented the Plaintiff appropriately . . .").

Unfortunately for Mero, this is not a claim the Court is entitled to hear under the Railway Labor Act. As previously mentioned, there are three very specific areas under which this Court can review proceedings. Malpractice, which is the crux of Mero's claim against BLET, is not among them. Thus, the Court cannot overturn the arbitration panel's decision on the grounds cited by Mero. See Franklin v. S. Pac. Transp., 593 F.2d 899 (9th Cir. 1979) (holding that errors or omissions in the presentation of evidence before the Board fail to indicate bad faith sufficient to set aside the Board's decision). Further, although Mero asserts BLET did not make good faith efforts to represent him, this is a far cry from alleging bad faith, fraud, or corruption on the part of a panel member, which would be a permissible ground to invoke the Court's review. But even under that scenario, if the Court were entitled to review the panel's decision, there is no rationale for maintaining BLET as a Defendant in this case. BLET cannot be held accountable for any violations of the Railway Labor Act. Even if Mero successfully prevailed in this suit and convinced the Court to overturn the arbitration panel's decision, BLET itself would not be responsible for any type of judgment. Damages against and relief from BLET simply is not permitted by the Railway Labor Act. For these reasons, Mero's claims against BLET under the Railway Labor Act must be dismissed without prejudice for failure to state a claim upon which relief can be granted.

E. The Administrative Procedure Act.

Mero's complaint cites the Administrative Procedure Act ("APA") as a basis for federal jurisdiction. The APA "embodies a 'basic presumption of judicial review,' and instructs reviewing courts to set aside agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' Review is not available, however, 'to the extent that' a relevant statute precludes it . . . or the agency action is 'committed to agency discretion by law.'" Dep't of Commerce v. New York, 139 S. Ct. 2551, 2567 (2019) (citing Abbott Lab. v. Gardner, 387 U.S. 136, 140 (1967) and 5 U.S.C. §§ 701(a) and 706(2)(A)). Unfortunately, Mero has done nothing more than cursorily invoke the title of the APA. He has set forth no facts, allegations, or jurisprudence that would even superficially relate his basic claims back to a violation of the APA. By paying nothing more than lip service to a federal statute, the complaint fails to satisfy the pleading requirements as to its assertion that the APA governs here. Therefore, Mero's APA claims against these Defendants are dismissed without prejudice.

III. CONCLUSION

For the foregoing reasons, the motions to dismiss filed by BLET and Public Law Board 6884 [Record Documents 60 & 68] be and are hereby **GRANTED**, and Mero's claims against these Defendants are **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** this 30th day of September, 2019.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE